# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLYDE L. BEASLEY,

        Appellant,

        v.

DEPARTMENT OF DEFENSE,

        Agency.

DOCKET NUMBER
DC-0752-15-1025-I-1

DATE: December 12, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Elson D. Nowell, Nuremberg, Germany, for the appellant.

Wendy S. Comp, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the Board's regional office for further adjudication in accordance with this Order.

¶2    The agency removed the appellant from the GS-3 position of Sales Store Checker at the agency's Vilseck Commissary in Vilseck, Germany, based on charges of unacceptable conduct toward a customer and rude and disorderly conduct. Initial Appeal File (IAF), Tab 5 at 18, 21, 62.[2] Specifically, regarding the charge of unacceptable conduct, the agency charged that the appellant inappropriately touched a customer and made inappropriate comments to her. Regarding the charge of disruptive conduct, the agency charged that the appellant was rude to a customer and, when the customer responded with profanity, the appellant came to the manager's office, interrupting all transactions at the self-checkout counters and shouting for those present to be witnesses to the customer's behavior. The appellant allegedly also yelled at the store manager, accusing him of not properly handling the situation with the customer. *Id*. at 62. In imposing the removal penalty, the agency relied on the appellant's prior discipline, a reprimand for inappropriately touching a female customer and yelling at a coworker in front of customers, a 3-day suspension for inappropriately touching a female customer, and a 10-day suspension for being inappropriately close and rude to a female customer and raising his voice to his supervisor. *Id*. at 63.

¶3    The appellant appealed the agency's action, alleging that the agency violated his due process rights by naming as the deciding official the store manager whom the appellant accused of not properly handling the situation with the customer and asserting that the agency discriminated against him on the bases of age and disability, a hearing impairment, and retaliated against him for

---

[2] In the notice of proposed removal, the agency listed the second charge initially as "rude and *disorderly* conduct," (emphasis added) and then "Rude and *Disruptive* Conduct" (emphasis added). IAF, Tab 5 at 62. In the decision letter, the agency labeled the charge as "rude and *disorderly* conduct" (emphasis added). *Id*. at 21.

whistleblowing.[3]  He alleged that he stood close to customers to better hear them and that he did not allow a third party to pay for the customer's purchases because to do so was a violation of law.  He alleged that the agency's action was retaliation for his revealing that unauthorized customers were attempting to purchase goods in the commissary in violation of the Status of Forces and Customs Agreement with Germany.

¶4    In an initial decision, the administrative judge found that the agency proved the appellant's misconduct by preponderant evidence, that the penalty was within the bounds of reasonableness, and that the appellant failed to prove any of his affirmative defenses.  IAF, Tab 17, Initial Decision.

¶5    The Board has consistently required administrative judges to apprise appellants of the applicable burdens of proving a particular affirmative defense, as well as the kind of evidence required to meet those burdens, and to address those defenses.  *England v. U.S. Postal Service*, 117 M.S.P.R. 255, ¶ 8 (2012); *Wynn v. U.S. Postal Service*, 115 M.S.P.R. 146, ¶¶ 10, 13 (2010); *Varner v. Department of Veterans Affairs*, 101 M.S.P.R. 155, ¶ 9 (2006).  Here, at no time did the administrative judge apprise the appellant of the burdens and elements of proof on his due process, discrimination, and retaliation claims, as he was required to do.  *See Sarratt v. U.S. Postal Service*, 90 M.S.P.R. 405, ¶ 12 (2001). Neither the acknowledgment order, nor the close of record order mentioned the appellant's allegation of a due process violation, his age and disability discrimination claims, or his claim of retaliation for whistleblowing.  IAF, Tabs 2, 15.

---

[3] The appellant also alleges that the agency's action was in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) and the Veterans Employment Opportunities Act of 1998 (VEOA).  IAF, Tab 1, Attachments A-B.  The administrative judge did not acknowledge or address these claims.  The Washington Regional Office should review the USERRA and VEOA claims for the appellant and adjudicate them either together or docket them separately from this appeal.

¶6     In light of the foregoing, we find that the administrative judge failed to apprise the appellant of the applicable burdens of proving the affirmative defenses that he raised, as well as the kind of evidence required to meet those burdens. Under these circumstances, he cannot be deemed to have abandoned them. *See Wynn*, 115 M.S.P.R. 146, ¶¶ 10, 13; *Kokkinis v. Department of Veterans Affairs*, 81 M.S.P.R. 26, ¶ 13 (1998) (finding that, when an administrative judge fails to put the appellant on notice that her affirmative defenses would not be heard, the appellant cannot be deemed to have abandoned those affirmative defenses).

¶7     For these reasons, we remand this case to the regional office for further adjudication. *See England*, 117 M.S.P.R. 255, ¶¶ 11, 12, 14 (remanding the appeal for the administrative judge to inform the appellant of his burdens of proof regarding his affirmative defenses and to adjudicate those affirmative defenses). On remand, the administrative judge shall apprise the appellant of his burdens and the elements of proof regarding his due process, discrimination, and retaliation claims. The administrative judge shall afford the parties an opportunity for discovery on these affirmative defenses and conduct a hearing, limited to the affirmative defenses, if requested by the appellant. The administrative judge then shall issue a new initial decision that addresses the appellant's due process, discrimination, and retaliation claims, and shall provide the appellant with notice of his mixed-case appeal rights. Regarding the merits of the agency's removal action, the administrative judge may reiterate the findings in the vacated initial decision in the new initial decision, if he finds that the findings are still supported by preponderant evidence.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.[4]


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.

---

[4] In the agency's response, it states that the appellant filed an equal employment opportunity (EEO) claim on July 2, 2015, on the same issues raised in this appeal. IAF, Tab 5 at 16. It is unclear from the agency's statement whether the appellant filed a formal complaint of discrimination. However, even if he filed a formal EEO complaint, because more than 120 days have passed since the date that the agency indicates that the appellant filed an EEO claim, his claims of age and disability discrimination are now ripe for adjudication in accordance with 5 C.F.R. § 1201.154(b)(2).